CATHERINE McNAMARA, PLAINTIFF-RESPONDENT, v. METROPOLITAN LIFE INSURANCE COMPANY, DEFENDANT-APPELLANT.

Submitted May 1, 1945—Decided May 18, 1945.

Before Justices CASE, BODINE and PERSKIE.

For the appellant, *Drewen & Nugent (John P. Nugent).*

For the respondent, *Edward DeSevo* and *Alex R. DeSevo.*

The opinion of the court was delivered by

BODINE, J. The suit was upon a policy of life insurance claiming a double indemnity. The pertinent provision of

the policy is as follows: "Accidental Death Benefit. Upon receipt of due proof that the death of the Insured resulted, independently of all other causes, from bodily injuries caused solely by external, violent, and accidental means, the Company will pay, as an additional death benefit, an amount equal to the amount payable under the Schedule, unless such injuries (injury) * * * is the result of participation in an assault or felony." The proofs show that the insured died as the result of a fractured skull.

On the night of February 14th, 1942, he attended a dance. In the early morning of the next day, accompanied by a friend he went to a saloon. Thereafter, they went to a restaurant at 203 Pavonia Avenue, Jersey City. A former pugilist was having his breakfast. There was plenty of room around the counter but the insured sat on a package containing the pugilist's lunch. A verbal altercation ensuing, the insured struck the protesting pugilist, and knocked out one of his teeth. The restaurant proprietor put the men out on the street. The pugilist then struck the insured a blow which felled him to the street and fractured his skull so that he died in two days.

The learned trial judge found in favor of the beneficiary named in the policy, the reason given being that the insured must have been engaged in such an assault as would reasonably lead to his death, in order to avoid the indemnity provision of the policy. We think not. The policy provides that there shall be no double indemnity if the death is the result of participation in an assault or felony. The insured not only was the aggressor, having started a fist fight, but he could have reasonably foreseen the fatal possibilities of its continuance. But under the language of the policy, it is enough that death results from his participation in an assault or felony. The insured was the aggressor, he provoked the fight and there is no right of recovery in such a case under the language used in this policy. He invited the encounter and the double indemnity feature falls. If the rule of foreseeable consequences applied—but we think it does not—the result would be the same since a fist fight may result fatally.

The judgment is reversed, with costs.